Mark A. Redmond, SBN 161520
**Law Office of Mark A. Redmond PC**
656 Fifth Avenue, Suite R
San Diego, CA 92101
Telephone: (916) 444-8240
Facsimile: (866) 476-9393
Email: mr@markredmondlaw.com

Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
2810 Fifth Street
Davis, CA 95618
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: kdaly@barth-daly.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.G., a Minor, by and through her Guardian ad Litem Maria Sara Camargo, and the ESTATE OF LUIS GIOVANNY AGUILAR, Deceased, by and through His Successor in Interest, D.G., a Minor, by and through her Guardian ad Litem Maria Sara Camargo,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1 through 100, inclusive, in their official and personal/individual capacities,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs D.G. and the Estate of Luis Giovanny Aguilar, upon information and belief, allege the following:

### **INTRODUCTION**

1. This civil rights action seeks compensatory and punitive damages from defendants for their willful indifference to prevent and their actual facilitation of the murder of Luis Aguilar, while he was incarcerated at CSP Sacramento, located at 100 Prison Road, Represa, California.

2. On or about December 12, 2019, Mr. Aguilar was murdered by three other inmates. Prison guards via their willful indifference to prevent and their actual facilitation of the murder of Mr. Aguilar conspired to cause Mr. Aguilar's murder. Defendants wrongful acts included recruiting inmates to murder Mr. Aguilar and allowing these inmates to practice and then carry out the murder.

## JURISDICTION AND VENUE

3. This is an action for money damages brought pursuant to Title 42 of the United States Code, Sections 1983 and 1988; and the Eighth and Fourteenth Amendments of the United States Constitution against various correctional employees then working at the California Correctional Institution in Represa, California.

4. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Sections 1331 (federal question) and 1343 (civil rights).

5. Venue lies in the Eastern District of California pursuant to Title 28, United States Code Section 1367, as the unlawful acts and practices alleged herein occurred in and around the City of Represa, County of Sacramento, State of California, which is within this judicial district.

## PARTIES

6. Plaintiff D.G. is the minor daughter of Luis Aguilar. D.G. is, and was at all times mentioned herein, an individual and citizen of the United States of America, resident of Los Angeles County.

7. The true names of Does 1 through 100 are unknown to plaintiffs at this time. Defendants are current and former employees of the California Department of Corrections and Rehabilitation (hereinafter CDCR). Defendants were acting under color of state law when they facilitated and conspired to murder Luis Aguilar. Doe defendants are currently being sued in their individual capacities. Plaintiffs believe the identities of defendants will be revealed through discovery and will permit plaintiffs to amend this Complaint to state the same.

8. Plaintiffs are informed and believe, and thereon allege that each defendant is, and at all times mentioned was, the agent, employee, representative successor and/or assignee of each other defendant. Each defendant, in doing the acts, or in omitting to act as alleged in this

complaint, was acting within the scope of his or her actual and apparent authority or the alleged acts and omissions of each defendant as agent were subsequently adopted and ratified by each other defendant as principal. Plaintiff is informed and believes that each of the individual defendants was in some way responsible for the constitutional violations and torts alleged in this complaint.

9. In committing the acts alleged in this complaint, defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of plaintiffs, justifying an award of punitive damages under federal law against each defendant.

**FACTS**

10. On December 12, 2019, Mr. Aguilar was murdered while incarcerated at CSP Sacramento, located in Represa, California. Mr. Aguilar was murdered by fellow inmates Dion Green, Anthony Rodriguez and Cody Taylor. Taylor pled guilty to Mr. Aguilar's murder and was sentenced to 100 years to life plus two years. Messrs. Green and Rodriguez are currently facing murder charges in Sacramento County Superior Court, Case No. 20FE000875.

11. The murder occurred on December 12, 2019, when Mr. Aguilar was stabbed in the day room at approximately 10:00 a.m. Plaintiffs are informed and believe there is a video of a practice run wherein prison guards allowed Green, Rodriquez and Taylor to practice how they would carry out the murder and video of the murder itself. Plaintiffs are informed and believe Aguilar was murdered because the guards viewed him as a "problem inmate" and sought to make an example of Aguilar by facilitating his murder.

12. Alternatively, Mr. Aguilar was stabbed by Messrs. Taylor, Green and Rodriguez, due to defendants' deliberate indifference, negligence, recklessness, and flagrant failure to supervise inmates or protect inmates despite having ample notice of the likelihood that these or other inmates posed a threat to his safety and wellbeing.

13. Plaintiffs were unaware of the accrual of this cause of action against Defendants until April 29, 2021 when the Sacramento Bee ran an article about Mr. Aguilar's murder. That article reported there was a state and federal investigation into the conduct of defendants, multiple whistleblowers were involved and some CDCR employees had been reassigned to the mailroom.

That article also described a memo sent by the California Correctional Peace Officers Association to all CSP Sacramento employees, reminding them that they were not obligated to participate in "voluntary" interviews with agencies out of CDCR, such as the FBI or local law enforcement.

## FIRST CAUSE OF ACTION

### Excessive Force [42 USC § 1983] Against Does 1-100

14. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this complaint.

15. Does 1 through 100 brutally facilitated and conspired to have Luis Aguilar murdered without justification. Said defendants facilitated the murder of Mr. Aguilar including creating the opportunity for his murder, recruiting inmates to carry out the murder of Mr. Aguilar and allowing the inmates to practice and carry out the murder. These acts, including the murder of Mr. Aguilar, constituted excessive force against Mr. Aguilar in violation of his Eighth Amendment rights.

16. As a direct and proximate result of the conduct of Does 1 through 100, Mr. Aguilar experienced pain, suffering and the actual loss of his life. Defendants' facilitating and conspiring to commit murder caused Luis Aguilar's death and deprived plaintiff D.G. of her father's love and affection.

17. Plaintiffs allege that the acts of the individual defendants were willful, malicious, intentional, oppressive, and reckless and/or were done in willful and conscious disregard of plaintiffs' rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

18. As a direct and legal result of defendants' acts and omissions, plaintiffs Luis Aguilar and D.G. suffered damages, including, and without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, attorneys' fees and cost of suit, and other pecuniary losses not yet ascertained.

WHEREFORE, plaintiffs pray for judgment as hereinafter set forth.

///

///

## SECOND CAUSE OF ACTION

### Deliberate Indifference [42 U.S.C. § 1983] Against Does 1-100

19. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this complaint.

20. Defendants knew there was a strong likelihood that Luis Aguilar was in danger of serious personal harm, and that he would be seriously injured or killed because defendants were aware Messrs. Taylor, Green, and Rodriguez sought to harm or kill Mr. Aguilar.

21. Defendants' acts and/or omissions as alleged herein, including but not limited to their failure to supervise Messrs. Taylor, Green and Rodriguez or to provide Luis Aguilar with adequate supervision and/or to take other measures to protect him from physical harm and to prevent his brutal murder constituted deliberate indifference to Luis Aguilar's safety.

22. By the acts and omissions described above, defendants acted with deliberate indifference to a known or obvious danger, in subjecting Luis Aguilar to that danger.

23. The aforementioned acts and/or omissions of defendants in being deliberately indifferent to Luis Aguilar's health and safety and violating Luis Aguilar's civil rights were the direct and proximate result of intentional conduct, customs, practices, procedures and/or policies of defendants.

24. The conduct, policies, customs and/or practices were a direct and legal cause of Luis Aguilar's death and plaintiffs' injuries. As a direct and proximate result of defendants' conduct, Luis Aguilar experienced physical pain, severe emotional distress, mental anguish, the loss of his life and damages alleged herein.

25. The aforementioned acts and/or omissions of the individual defendants were malicious, reckless and/or accomplished with a conscious disregard of decedent's rights thereby entitling plaintiffs to an award of exemplary and punitive damages.

WHEREFORE, plaintiffs pray for judgment as hereinafter set forth.

///

///

///

# THIRD CAUSE OF ACTION

## Negligence Resulting in Wrongful Death

**[Gov. Code § 844.6(d); Code Civ.Proc. § 377.60]**

26. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs of this complaint.

27. Defendants, and each of them, owed a duty imposed by law to use reasonable care in conducting themselves as peace officers and completing their duties.

28. Defendants, and each of them, failed to exercise the degree of care and caution that a reasonable and prudent person would exercise under like conditions and circumstances. Defendants failed to conform to a certain standard of conduct for the protection of Luis Aguilar against unreasonable risk of injury and death. This failure exposed Aguilar to an unreasonable risk of harm.

29. Defendants undertook the responsibility of providing correctional services to Aguilar, Taylor, Green and Rodriguez, including supervising them, which defendants should have understood to include preventing and/or ending acts of violence in a safe and prompt manner by inmates against other inmates. As a result of defendants' failure to prevent violence or end acts of violence in a safe and prompt manner, and failure to otherwise exercise reasonable care, Aguilar suffered death to his and plaintiff D.G.'s damage.

30. Aguilar was particularly vulnerable in light of his incarceration and relied on defendants (who had control over him), for protection from violent assault, which is not part of the penalty criminal offenders receive for their offenses.

31. On or about September 30, 2021, the minor daughter of decedent, plaintiff D.G. submitted a Claim for Damages and Application to File a "Late" Claim to the State of California, Department of Corrections and Rehabilitation pursuant to the California Government Claims Act, Government Code Section 810, *et seq*. This action is being filed prior to receipt of a response from CDCR due to concerns about the statute of limitations expiring as to all claims. Plaintiffs were not aware of, and could not become aware of, the facts and circumstances surrounding Luis Aguilar's murder through the exercise of reasonable diligence. It was only through the

1  publication of an article in the Sacramento Bee on April 29, 2021, that plaintiffs were made aware
2  that employees of CDCR were responsible for Aguilar's death.

## FOURTH CAUSE OF ACTION

### Substantive Due Process-Loss of Parent/Child Relationship

**[Violation of Fourteenth Amendment, U.S. Constitution: 42 U.S.C. § 1983]**

32. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this complaint.

33. The acts and/or omissions of defendants as alleged herein, of facilitating, conspiring and being deliberately indifferent to the serious threat of imminent death, or willfully causing Aguilar's death by intentional conduct and/or failing to adequately supervise, train, discipline or implement policies and/or procedures to prevent Aguilar's death, which deprived plaintiffs their liberty and interest in the parent-child relationship in violation of their substantive due process rights as defined by the First and Fourteenth Amendments to the United States Constitution.

34. Such conduct by said defendants "shocks the conscience."

35. As a direct and proximate result of said defendants' conduct, plaintiffs suffered injuries and damages as alleged herein including pain and suffering and emotional distress.

36. The aforementioned acts and/or omissions of the individually named defendants were willful, wanton, malicious, reckless and oppressive, thereby justifying an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

WHEREFORE plaintiffs pray for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### Wrongful Death and Survival Action (Against All Defendants)

37. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this complaint.

38. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein Does 1 through 100, sworn essential public safety officers, owed a duty to the inmates,

including decedent Luis Aguilar, to protect them by enforcing State and Federal laws and administrative regulations while supervising the conduct of inmates under their control.

39. Plaintiffs are informed and believe, and thereon allege, that prior to December 12, 2019, Does 1 through 100 planned, prepared and/or conspired with Inmates Green, Rodriguez and Taylor to have decedent Luis Aguilar murdered. Plaintiffs are further informed and believe that pursuant to that plan, preparation or conspiracy, Inmates Green, Rodriguez and Taylor in fact murdered Luis Aguilar on December 12, 2019. The attack on decedent Luis Aguilar was perpetrated by the other inmates with the full knowledge and consent of Does 1 through 100 and with the knowledge that the attack would lead to Luis Aguilar's death. These acts were done with wanton disregard of the rights of decedent and with full knowledge that he would die.

40. As the proximate result of Luis Aguilar's murder plaintiff D.G. was deprived of the care, love and affection of her father. As a further proximate result of decedent's murder plaintiff D.G. has incurred medical expenses relating to her own treatment after the death of her father. The amount of those expenses is currently unknown.

41. In so doing the acts alleged herein, Does 1 through 100 acted with fraud, oppression and malice and plaintiffs are entitled to punitive and exemplary damages.

WHEREFORE plaintiffs pray for judgment as hereinafter set forth.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

## PRAYER

WHEREFORE plaintiffs request entry of judgment in their favor and against defendants as follows:

(1) For compensatory damages in an amount to be determined at trial;

(2) For punitive damages against individual defendants in an amount to be proven at trial;

(3) For reasonable costs of this suit and attorneys' fees; and

///

///

(4) For such further relief as the Court may deem proper, just and appropriate.

Dated: October 11, 2021.            Respectfully submitted,
                                    LAW OFFICE OF MARK A. REDMOND PC
                                    BARTH DALY LLP


                                    By    */s/ Kresta Nora Daly*
                                          KRESTA NORA DALY
                                    Attorneys for Plaintiffs