1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  BRIAN S. CHAN, State Bar No. 299926
   Deputy Attorney General
4  DAVID E. KUCHINSKY, State Bar No. 292861
   Deputy Attorney General
5   1300 I Street, Suite 125
    P.O. Box 944255
6   Sacramento, CA 94244-2550
    Telephone: (916) 210-7666
7   Fax: (916) 324-5205
    E-mail: David.Kuchinsky@doj.ca.gov
8  *Attorneys for Defendants Garland, Jordan, Lieber,
   Chavez, Sykes, Gomez, Carothers, and Lynch*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **D.G. a Minor, by and through her Guardian ad Litem Maria Sara Camargo, and the ESTATE OF LUIS GIOVANNY AGUILAR, Deceased, by and through His Successor in Interest, D.G., a Minor, by and through her Guardian ad Litem Maria Sara Camargo,**<br><br>                                              Plaintiffs,<br><br>        v.<br><br>**LYNCH, et al.,**<br><br>                                              Defendants. | Case No. 2:21-cv-01890-TLN JDP<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Local Rule 141.1**<br><br>Judge:           The Honorable Jeremy D. Peterson<br>Action Filed: October 11, 2021 |

1

**IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

**I.   CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

Plaintiff D.G., the daughter of deceased inmate Luis Giovanny Aguilar, has filed an amended complaint alleging that Defendants were complicit in Aguilar's death or failed to protect him from a substantial risk of harm on December 12, 2019, when Aguilar was stabbed to death by two inmates at the California State Prison, Sacramento in Represa, California.

As a result of the incident, prison staff immediately launched a confidential investigation into Plaintiff's allegations, which included taking statements from witnesses and alleged participants, collecting and preserving physical evidence, including surveillance video footage and photographs documenting the incident and investigation, and reviewing inmate files and communications.  The results of the investigation were recorded in confidential reports and memoranda.  The reports and memoranda contain highly sensitive information including, among other things: confidential and protected information regarding Aguilar and the alleged participants in the assault, the names and CDCR numbers of other CDCR inmates, identifying information of CDCR staff members and/or contractors, confidential disciplinary records, video footage, photographs, letters written by inmates, and operational procedures for the unit in which Aguilar died.

The parties acknowledge that this order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this protective order does not entitle the parties to file confidential information under seal.  Local rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**II.   NEED FOR PROTECTION OF CONFIDENTIAL MATERIAL**

Defendants contend that the confidential reports, memoranda, documents, and communications discussed above are protected by the official information privilege under federal

law and, but for this protective order, should not be disclosed. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987) (privilege only applies if "disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests"). Defendants also contend that, absent this protective order, disclosure of the reports and memoranda could jeopardize the safety and security of California prisons—in particular, it could jeopardize the safety of participants and witnesses, as well as interfere with and compromise CDCR's ability to conduct investigations into serious incidents and allegations of misconduct. Cal. Code Regs. tit. 15, § 3321 (a)(1)(2)(5), 3450(d) (2019). Unprotected disclosure of the reports and memoranda would also violate the privacy rights of third-party inmates, officers, and non-inmates mentioned in the reports and memoranda  Cal. Const. art. I, § 1; Cal. Civ. Code § 1798.24.

**III.   NEED FOR A COURT ORDER**

In this action, Plaintiff has propounded requests for the production of documents, which include the confidential reports, memoranda, interviews, and evidence described above. A private agreement among the parties is not sufficient to protect CDCR's interests, and those of third parties, in maintaining the confidentiality of these documents and materials.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to ensure the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, and serve the ends of justice, a protective order for such information is justified in this matter.

**IV.   CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS**

The Court orders the following to protect the confidentiality of the documents described above:

1.   The provisions of this Protective Order apply to the documents or materials designated by Defendants as "CONFIDENTIAL" or "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER". The Court-issued Protective Order applies because the designated documents or materials contain confidential information, which if shared, could jeopardize the

safety and security of CDCR institutions, its employees, inmates, informants and their families, or other individuals.

      a.     The designation of "CONFIDENTIAL" is intended to encompass documents or materials that Defendants, CDCR, or any nonparties in good faith believe contain information that would not ordinarily be disclosed to other persons or entities because the information is confidential under state or federal law or protected by privilege.

      b.     The designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is intended to encompass documents or materials that Defendants, CDCR, or any nonparties in good faith believe contain information that is particularly sensitive and therefore requires the utmost level of protection.  This designation will only be used when the material, if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, the Defendants, or other individuals.

      c.     Each party or non-party who designates information or items for protection under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.  If it comes to the designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the inapplicable designation.

    2.     The designation of information or materials for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

///

1	a.	In the case of documents, exhibits, briefs filed with the Court, or other materials, excluding depositions or other pretrial and trial testimony, the designating party shall clearly designate the document as either "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" on the first page and each page containing any confidential information.  If the document was produced in electronic format, the designating party shall designate the confidential document by physically labeling the outside of any media storing the electronic documents.  The confidential designation ("CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER") shall be placed in a manner that does not interfere with the documents' legibility and shall not be placed diagonally across pages or overlaid on top of text in any manner.

	b.	In the case of depositions or other pretrial testimony, the designating party shall, through counsel, state on the record what portions of the transcript shall be designated "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER."  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation.  In no event, shall an entire deposition be deemed "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

	c.	The designation shall be made: (i) at the time such materials are disclosed or as soon as possible thereafter; or (ii) as soon thereafter as Defendants, CDCR, or any nonparties become aware of an inadvertent production without a confidential designation.

	3.	Information or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" under this Protective Order, or copies or extracts and compilations therefrom, may be disclosed, described, characterized, or communicated only to the following persons and only once the receiving party has agreed in writing to be bound by this order:

	a.	Counsel of record for Plaintiffs in this action, staff counsel, associated counsel, and of/outside counsel working on this action, as well as their support staff;

	b.	The attorney(s) of record for Defendants and CDCR;

       c.     The parties to this action;

       d.     Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiff, Defendants, CDCR, and any nonparties, who are necessary to aid counsel for Plaintiff, Defendants, CDCR, and any nonparties in the litigation of this matter;

       e.     Court personnel and their staff;

       f.     Stenographic reporters and their staff;

       g.     Professional vendors, persons or entities that provide litigation support services (e.g., jury or trial consultants, mock jurors, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their staff and subcontractors;

       h.     Experts and consultants retained by counsel whether they testify or not in this action;

       i.     The author or recipient of a document containing the confidential information or a custodian or other person who otherwise possessed or knew the information; and

       j.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

    4.     No documents or material designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or any information contained in such documents or material, shall be shown to, discussed with, or disclosed in any other manner to any inmate or former inmate, any parolee or former parolee, or any other person who is not a current or former CDCR employee, including any percipient witness, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendants or CDCR. This provision is not intended to prohibit counsel from interviewing witnesses to this case but does require express authorization before any confidential documents or material subject to this protective order are disclosed to such witnesses, and before any information contained within the confidential documents or material is discussed with or otherwise provided to the witness. This provision does not limit any counsel's ability to investigate the claims in this case or to interview percipient witnesses in order to learn what information those witnesses possess, but it does limit

6

1   the information that counsel can provide to the witness to only those documents and materials
2   (and the information contained within those documents and materials) not designated as
3   "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" unless a
4   written waiver is first obtained.

5        5.    No person who has access to any confidential material as set forth above shall copy
6   any portion of the confidential material, except as necessary to provide a copy of the confidential
7   material to any other authorized individual listed in paragraph 3, or to submit copies to the Court
8   under seal in connection with this matter. Any copies made for such purpose will be subject to
9   this order. A copy of this order must be provided to any individual authorized to access the
10  confidential material before providing that individual with access to the confidential material,
11  including experts or consultants retained by counsel. Counsel for the parties shall maintain a
12  record of all persons to whom access to the confidential material has been provided. The Court
13  and counsel for Defendants, CDCR, and any nonparties may request a copy of such record at any
14  time to determine compliance with the Court's order.

15       6.    Prior to the commencement of trial, ~~any argument, discussion, or examination of any~~
16  ~~witness privy to the confidential material shall be done *in camera* and~~ any party may move to seal
17  records of ~~such~~ **any** argument, discussion, or examination **of any witness privy to confidential**
18  **material** in accordance with Local Rule 141 upon the showing required by applicable law.
19  **Unless otherwise ordered by the court,** counsel for each party shall only discuss in open court
20  the summaries of confidential information as worded by Defendants, CDCR, and any nonparties
21  contained in any non-confidential record.

22       7.    Pursuant to Local Rule 141.1(b)(2), a party seeking a protective order relating to the
23  admission of evidence at trial shall submit a stipulation or request with the party's pretrial
24  statement. A non-party seeking a protective order for trial shall submit a motion at or before the
25  time for filing pretrial statements or promptly following discovery of the need for the order.

26       8.    At the conclusion of the proceedings in this case, including any period for appeal or
27  collateral review, or upon other termination of this litigation, counsel for Plaintiff shall destroy all
28  confidential materials and all copies of such material in counsel's possession or return such

materials to counsel for Defendants. When Plaintiff's counsel returns or destroys the confidential material, they shall provide Defendants' counsel with a declaration stating that all confidential material has been returned or destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential materials. Any such archival copies that contain or constitute confidential material remain subject to this protective order and subject to para. 19 below.

9.  Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

Nor is this protective order intended to protect information obtained independent of discovery in this lawsuit even if the same information is obtained again in discovery. The protective order applies only to documents and testimony produced in discovery in the instant litigation.

10. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," that party must: (a) promptly notify in writing the designating party including a copy of the subpoena or court order; (b) promptly notify the party who caused the subpoena or court order to issue that some or all of the material covered by the subpoena or order is subject to this protective order, including copy of same; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected.

The designating party shall bear the burden and expense of seeking protection in the court from which the subpoena or court order issued of its confidential material and nothing in these provisions should be construed as authorizing or discouraging a party in this action to disobey a lawful directive from another court.

11. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

12. The party challenging a designation shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

13. If the parties cannot resolve a challenge without court intervention, the designating party shall move the Court to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if

there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

14. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the court rules on the challenge.

15. The provisions of this protective order are without prejudice to the right of any party:

(a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the confidential material designation from any documents; or

(c) To object to a discovery request, including on the basis that a protective order would be insufficient to prevent the disclosure of confidential or official information from posing a substantial risk to the safety and security of CDCR staff, inmates, or institutions.

16. If a party's request to file confidential material under seal is denied by the Court, then the party receiving the confidential information may file to the extent permitted by the Court, but shall otherwise maintain the confidentiality of the information.

17. All confidential material in this matter shall be used solely in connection with the litigation of this matter and related case *Zaragoza, et al., v. Lynch*, et al., United States District Court for the Eastern District of California, Case No. 2:21-cv-02294-TLN-JDP, including but not limited to motions, applications to the Court, depositions, discovery requests, hearings, submissions, trial, or any related appellate proceedings and collateral review, and not for any other purposes, including any other litigation or proceedings.

10

Stipulated Protective Order  (2:21-cv-01890-TLN JDP)

18. Any willful violation of this order may result in sanctions by this Court and/or injunctive relief. Inadvertent disclosure may result in injunctive relief only.

19. The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for Defendants, CDCR, and any nonparties an opportunity to be heard should the Court find modification of this order necessary.

**IT IS SO STIPULATED**

Dated:  December 12, 2022

LAW OFFICE OF MARK A. REDMOND PC
BARTH DALY LLP

*/s/ Kresta Nora Daly*
*(as authorized on December 12, 2022)*

KRESTA NORA DALY
*Attorneys for Plaintiff D.G.*

Dated:  December 12, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General
BRIAN S. CHAN
Deputy Attorney General

*/s/ David E. Kuchinsky*

DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants Garland, Jordan, Lieber, Chavez, Sykes, Gomez, Carothers, and Lynch*

IT IS SO ORDERED.

Dated:  December 16, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28